## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

LANCE ANDREWS,                    )
                                  )
                Plaintiff,        )
v.                                )          NO. CIV-16-1359-HE
                                  )
FORD MOTOR COMPANY,               )
a Delaware corporation,           )
                                  )
                Defendant.        )

### ORDER

Plaintiff Lance Andrews has asserted claims against defendant Ford Motor Company arising from a single-vehicle accident involving a pickup manufactured and sold by Ford. The court previously denied Ford's motion to dismiss, which was based on a claimed lack of personal jurisdiction. Ford has now moved for reconsideration of that decision in light of the Supreme Court's recent decision in Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773 (2017), which it views as representing a change in the controlling law.

The court is unpersuaded that Bristol-Myers Squibb involves a change in the controlling law. The Court itself noted that "settled principles regarding specific jurisdiction control this case." Id. at 1781. The question presented was whether those settled principles had been properly applied by the California courts. The Court concluded they were not.

Bristol-Myers Squib involved a products liability action against a drug manufacturer. The plaintiffs included persons who resided outside of the State of

California and who "were not prescribed [the drug] in California, did not purchase [the drug] in California, did not ingest [the drug] in California, and were not injured by [the drug] in California." The Court focused on the absence of an affiliation between California and the underlying controversy, concluding there was not "any adequate link between the State and the nonresidents' claims." *Id.*

Here, the circumstances are different. According to the complaint, the plaintiff is a resident of Oklahoma. He used his pickup in the State of Oklahoma and suffered the alleged injuries in the State of Oklahoma. These key differences undercut any suggestion that Bristol-Myers Squibb mandates a different result from that previously reached by the court—that plaintiff has made a sufficient *prima facie* showing of a basis for specific jurisdiction such that this case may proceed here.

The motion to reconsider [Doc. #23] is **DENIED.**

**IT IS SO ORDERED**

Dated this 31st day of July, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE